IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) No. ) |
| v. | ) Judge _____ ) Magistrate Judge _____ |
| SOUTHEAST TITLE OF MURFREESBORO, LLC, CARLA DILLARD and FIRST COMMUNITY MORTGAGE, INC., | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiff Aspen Specialty Insurance Company ("Aspen") files this action seeking a declaration that it has no obligations under a professional liability insurance policy to defend or indemnify Southeast Title of Murfreesboro, LLC ("Southeast Title") and Carla Dillard ("Dillard") with respect to a claim asserted against them by First Community Mortgage, Inc. ("First Community"), and alleges as follows:

### PARTIES

1.     Plaintiff Aspen is a North Dakota corporation with its principal place of business in the State of New York.

1

2. Defendant Southeast Title is a Tennessee Limited Liability Corporation. Southeast Title's two members are Carla Dillard, a citizen of Tennessee, and Brent Campbell, a citizen of Tennessee.

3. Defendant Dillard is a citizen of Tennessee, residing at 2615 Belle Rive Drive, Murfreesboro, TN 37128.

4. First Community is a Tennessee corporation with its principal place of business in Tennessee.

## JURISDICTION AND VENUE

5. Jurisdiction over this controversy is established by 28 U.S.C. § 1332(a)(1). Defendants Southeast Title and Dillard seek coverage for a claim which would exceed $75,000, exclusive of interest and costs, if proven. Additionally, this action is between citizens of different states, and there is complete diversity of citizenship between plaintiff and all defendants.

6. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(a). Defendants reside in Tennessee and a substantial part of the events giving rise to the claim for which Southeast Title and Dillard seek coverage occurred in Murfreesboro, Tennessee, which lies in the Federal Judicial District of the Middle District of Tennessee – Nashville Division.

## FACTUAL BACKGROUND

**A.** **The Policy**

7. On or about April 10, 2013, Aspen issued a Title Agents, Abstractors and Escrow Agents Professional Liability Policy, Policy No. TP001726-13 (the "Policy") to Southeast Title on a claims-made-and-reported basis for the policy period of April 20, 2013 to April 20, 2014. The Policy provides a $1 million per claim limit of liability, subject to a $1 million aggregate

- 2 -

Case 3:13-cv-01359  Document 1  Filed 12/06/13  Page 2 of 10 PageID #: 2

limit of liability and a $1,000 deductible. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

### B. The Claim by First Community

8. On May 31, 2013, First Community filed the action styled, *First Community Mortgage, Inc. v. David C. Peterson, Christine Peterson, Kathleen Van Sleen, ELT, LLC, Steven Carver, Brian Zimmerman, Carla R. Dillard, Southeast Title of Murfreesboro, LLC, and Chad Christiansen*, Civil Action No 2013-CV-35, in the Circuit Court of DeKalb County, Tennessee ("First Community Complaint"). A true and correct copy of the First Community Complaint is attached hereto as **Exhibit B**.

9. The First Community Complaint seeks recovery of a bad loan, which it contends was obtained as part of a fraudulent flipping scheme. The Complaint joins the buyers, the sellers, Southeast Title, and Dillard.

10. Specifically, the First Community Complaint alleges that on February 13, 2013, First Community issued a mortgage loan to fund David Peterson's purchase of a house in Smithville, Tennessee from a trust controlled by Kathleen Van Sleen and ELT, LLC. The First Community Complaint alleges that Southeast Title and Dillard provided the Title Commitment and closed that mortgage loan transaction.

11. First Community allegedly learned that the loan application contained false information along with forged signatures. Furthermore, First Community allegedly discovered that the appraisal had significantly overvalued the property.

12. The First Community Complaint alleges that Southeast Title and Dillard "entered into a civil conspiracy to commit fraud" and were party to a "civil conspiracy to commit fraud upon [First Community] by providing false statements . . . and willfully overvaluing the property

involved . . . for the purpose of influencing the action of the [First Community] as a financial institution." (Compl. ¶¶23-24).

C.  **The Coverage Dispute**

13. On or about June 11, 2013, Southeast Title and Dillard requested coverage under the Policy with respect to the First Community Complaint.

14. In response to this request, Aspen agreed to defend Dillard and Southeast Title subject to a full reservation of all its rights, including the right to seek reimbursement of defense costs paid by Aspen that are attributable to uncovered damages or claims.

15. Aspen contends that the Policy does not provide coverage for Southeast Title and Dillard against the claims alleged in the First Community Complaint.

16. Upon information and belief, Southeast Title and Dillard dispute Aspen's position, and assert that the Policy does, indeed, provide coverage against the First Community Complaint.

17. Accordingly, an actual case or controversy exists which the Court can resolve through a declaratory judgment.

## COUNT I

## DECLARATION THAT THE FIRST COMMUNITY COMPLAINT DOES NOT ALLEGE A "WRONGFUL ACT"

18. Aspen incorporates herein by reference the allegations set forth in Paragraphs 1 through 17.

19. The Policy issued to Southeast Title provides coverage for sums:

> which the Insured shall become legally obligated to pay as Damages and Claims Expenses resulting from Claims first made against the Insured during the Policy Period . . . as a result of a *Wrongful Act* by the Insured.

(Policy, I) (emphasis added). The Policy goes on to define the term "Wrongful Act" to mean:

Case 3:13-cv-01359 Document 1 Filed 12/06/13 Page 4 of 10 PageID #: 4

> Any *negligent* act, error or omission committed by the Insured, arising solely from the performance of Professional Services for others for a fee or commissions.

(Policy, II, V) (emphasis added).

20. The First Community Complaint does not allege negligence on the part of Southeast Title or Dillard. Instead, it alleges that the defendants entered into a "civil conspiracy to commit fraud." (Compl. ¶23).

21. Accordingly, the First Community Complaint fails to allege a "Wrongful Act," and the claim brought by First Community against Southeast Title and Dillard is not a covered claim under the Policy.

22. Because there is no potential for coverage, Aspen has no duty to defend Southeast Title and Dillard against the claim alleged in the First Community Complaint. As the duty to defend is broader than the duty to indemnify, it follows that Aspen also has no duty to indemnify Southeast Title and Dillard with regards to the claim alleged in the First Community Complaint.

## COUNT II

### DECLARATION THAT THERE ARE NO "DAMAGES" BECAUSE THE CLAIM IS BASED UPON THEFT OF MORTGAGE FUNDS

23. Aspen incorporates herein by reference the allegations set forth in Paragraphs 1 through 17.

24. Under the Policy issued to Southeast Title, Aspen agreed to cover sums which Southeast became obligated to pay as "Damages." (Policy, I). "Damages" is defined in the Policy as:

> . . . a compensatory monetary amount for which an Insured may be held legally liable, including judgments, awards, or settlements negotiated with the prior approval of the Company, *provided that Damages shall not include*:

- 5 -

Case 3:13-cv-01359 Document 1 Filed 12/06/13 Page 5 of 10 PageID #: 5

. . .

> 11. Any claim for money which is based upon, arises out of or is in consequence of any *theft, conversion,* commingling, embezzlement or misappropriation by any person at any time under any circumstances [of] escrow, trust, mortgage or any other kind of type of money, funds, securities, property assets, or any negotiable instruments or documents, whether the alleged acts involve the Insured or any other party.

(Policy, II, E.) (emphasis added).

25. First Community's claim against Southeast Title and Dillard stems from the purported theft of mortgage funds. In its complaint, First Community alleges that Southeast Title and Dillard participated in a conspiracy – involving false statements, forged signatures, and fraudulent appraisals – with the goal of depriving First Community of mortgage funds.

26. Thus, any judgment against Southeast Title or Dillard would not constitute "Damages" under the Policy, and there is no coverage for the First Community Complaint.

27. Accordingly, Aspen has no duty to defend Southeast Title and Dillard against the claim alleged in the First Community Complaint. As the duty to defend is broader than the duty to indemnify, it follows that Aspen also has no duty to indemnify Southeast Title and Dillard with regards to the claim alleged in the First Community Complaint.

## COUNT III

### DECLARATION THAT THE CLAIM IS NOT COVERED BECAUSE THE POLICY EXPRESSLY EXCLUDES CLAIMS BASED ON THEFT

28. Aspen incorporates herein by reference the allegations set forth in Paragraphs 1 through 17.

29. The Policy expressly excludes claims based on theft:

> This Policy does not apply to any Claim based upon, arising out of, directly or indirectly, in whole or in part, or in any way involving:

. . .

> GG. *Any actual or alleged theft*, stealing, *conversion*, commingling, embezzlement, or misappropriation of any kind of escrow, trust, mortgage or any other kind or type of money, funds, securities, property, assets or an negotiable instruments or documents by any person, any time, under any circumstances.

(Policy, IV, GG) (emphasis added).

30. First Community's Complaint against Southeast Title and Dillard is based on the alleged theft of mortgage funds.

31. Accordingly, pursuant to the Policy's exclusions, there is no coverage for Southeast Title or Dillard with regards to the First Community Complaint.

32. Because the Policy expressly excludes coverage of claims like the one asserted against Southeast Title and Dillard, Aspen has no duty to defend Southeast Title and Dillard. As the duty to defend is broader than the duty to indemnify, it follows that Aspen also has no duty to indemnify Southeast Title and Dillard with regards to the claim alleged in the First Community Complaint.

## COUNT IV

## DECLARATION OF PRIOR KNOWLEDGE

33. Aspen incorporates herein by reference the allegations set forth in Paragraphs 1 through 17.

34. Pursuant to the Insuring Agreement of the Policy, Aspen agreed to pay:

> all sums in excess of the Deductible set forth in Item 4 of the Declarations which the **Insured** shall become legally obligated to pay as **Damages** and **Claims Expenses** resulting from **Claims** first made against the **Insured** during the **Policy Period**, or **Extended Reporting Period**, if applicable, as a result of a **Wrongful Act** by an **Insured**, *provided that*:

. . .

> D. Prior to the Inception Date of [the] Policy, no **Insured** knew or could have reasonably foreseen that such **Wrongful Act** might give rise to **Claim**.

*See* (Policy, I, D) (italics emphasis added).

35. Any damages and claims expenses arising out of Defendants Southeast Title or Dillard's performance of professional services alleged in the First Community Complaint occurred prior to the applicable Policy period. To the extent any damages or claims expenses arose out of Defendants Southeast Title and Dillard's performance of professional services, Defendants knew or could have reasonably foreseen that, prior to the effective date of the Policy, they had breached a professional duty, committed a personal injury, or committed some other wrongful act that might give rise to a claim from First Community.

36. Accordingly, Aspen has no duty to defend Southeast Title and Dillard against the claim alleged in the First Community Complaint. As the duty to defend is broader than the duty to indemnify, it follows that Aspen also has no duty to indemnify Southeast Title and Dillard with regards to the claim alleged in the First Community Complaint.

## COUNT V

### DECLARATION THAT ASPEN IS ENTITLED TO REIMBURSEMENT OF COSTS INCURRED IN DEFENDING SOUTHEAST TITLE AND DILLARD

37. Aspen incorporates herein by reference the allegations set forth in Paragraphs 1 through 17.

38. On or about June 11, 2013, Southeast Title and Dillard requested coverage under the Policy with respect to the First Community Complaint.

39. Aspen timely responded to this request on or about July 15th, 2013 and agreed to defend Dillard and Southeast Title. The agreement to defend was made subject to an explicit

reservation of Aspen's right to seek reimbursement of defense costs paid by Aspen that are attributable to uncovered damages or claims.

40. Aspen has incurred costs, fees, and expenses in defending Dillard and Southeast Title against the First Community Complaint.

41. Because Aspen has no duty to defend Dillard and Southeast Title against the claim alleged in the First Community Complaint and because Aspen specifically reserved its right to seek reimbursement in the event that defense costs paid were attributable to an uncovered claim, Aspen is entitled to reimbursement for all costs, fees, and expense incurred by it in defending Southeast Title and Dillard.

**WHEREFORE**, Aspen respectfully requests that this Court issue a declaratory judgment that:

(a) Aspen has no obligation to defend or indemnify Defendants Southeast Title and Dillard with respect to the First Community Complaint;

(b) Aspen is entitled to reimbursement for all costs, fees, and expense incurred by it in defending Southeast Title and Dillard against the claim alleged in the First Community Complaint; and,

(c) Awards Aspen such other and further relief as this court deems just and proper.

Respectfully submitted,

LEWIS, KING, KRIEG & WALDROP, PC

By: /s/ John R. Tarpley
John R. Tarpley, BPR No. 9661
424 Church Street, Suite 2500
Nashville, TN 37219
Telephone: (615) 259-1366
Facsimile: (615) 259-1389
jtarpley@lewisking.com

ARNALL GOLDEN GREGORY LLP

By: /s/ Scott F. Bertschi
Scott F. Bertschi, Bar No. 055716 (Pro Hac Vice Pending)
171 17th Street NW
Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8500
Facsimile: (404) 873-8501
Scott.bertschi@agg.com

Attorney for Plaintiff
Aspen Specialty Insurance Company